THE PEOPLE EX REL. SEELEY V. MAY, TREASURER.

1. The case of *Potter v. Douglass*, relied upon by the petitioner, construes constitutional provisions which limit the amount of *taxation* as well as of indebtedness.
2. Judgments obtained upon void warrants by reason of a failure to plead the constitutional limitation, have, in some instances, been protected where collaterally attacked, upon the proposition that the question of the validity of such warrants was *res adjudicata.*

*Petition for rehearing.*

PER CURIAM.   We have carefully reconsidered all the matters in this case from the beginning.   We have reexamined the views expressed in the several opinions rendered and the authorities by which they are sustained. We have carefully and candidly considered the objections thereto made by counsel, and feel called upon to adhere to the doctrine announced without change or modification, as the only true interpretation of the constitutional provision involved, and as unanswerably supported by both reason and authority.

Misstatements, or at least misconception, of our position require us to notice:

(1) One of the differences between our constitution

and the constitution of Missouri, discussed in the original arguments and alluded to in the opinion of Justice HELM, is that the constitution of Missouri, unlike ours, limits *taxation* as well as indebtedness.

(2) We are not to be understood as deciding in advance the legal *status* of a judgment obtained upon void warrants by reason of a failure to plead the constitutional limitation. Where such a judgment has been sustained, it has been upon the proposition that the question of the validity of the warrants upon which it was founded was *res adjudicata*, and no longer the subject of inquiry.

We do not care to further notice or fully characterize the argument of counsel on the petition for rehearing. It is sufficient to say that it misquotes the language, misrepresents the views, and misstates the positions of the court. Its language is intemperate and its spirit unworthy. We order it stricken from our files as dishonoring them and its author.

The petition for rehearing is denied.